RECEIVED
DOC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  1/30/07
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK NEWTON GREEN, SR.,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-0864-A |
| VERSUS | |
| CORRECTIONS CORPORATION OF<br>AMERICA, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Patrick Newton Green, Sr. ("Green") on May 3, 2004, and amended on August 23, 2004 (Doc. Item 8). The named defendants are R.N. W. Evans (a nurse employed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Corrections Officer Steel (employed at WCC), Tim Wilkinson, warden of WCC, and Corrections Corporation of America ("CCA"), the operator of WCC. Green alleges that, while he was incarcerated in the WCC in May and June, 2003, he was denied medial care for medical emergencies (gastrointestinal bleeding) by R.N. Evens, who was employed in the infirmary at WCC. For relief, Green asks for monetary damages.

Warden Wilkinson, Officer Steel, and CCA have been dismissed from the suit (Doc. Items 9, 21). Evans answered the Complaint (Doc. Item 25, 38) and filed a motion for summary judgment (Doc.

Item 46), supported by a statement of undisputed facts and a documentary exhibit. Green filed a brief and evidence in response to Evan's motion (Doc. Item 49); he previously filed an affidavit and medical records (Doc. Item 9). Evans' motion for summary judgment is now before the court for disposition.

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a

genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

### Law and Analysis

Green, a paraplegic, alleges that, on May 21, 2003, Nurse

3

Evans failed to notify Dr. Eichmann that Green had a medical emergency due to his heavy bleeding during a bowel movement. Later that day, at about 7:30 p.m., when Green had another bloody bowel movement, Nurse Cox notified Dr. Eichmann (Doc. Item 3, Ex. 2). Dr. Eichmann had Green immediately taken to the hospital, where he received blood transfusions and underwent a hemorrhoidectomy on May 29, 2003 (Doc. Item 3, Ex. 2; Doc. Item 23, pp. 177-178, 195-196). Green further alleges in his amended complaint that, after he returned to WCC following his surgery, the medical staff was supposed to check his rectal area daily for bleeding. Green contends Nurse Evans failed to do so and he again began heavy bleeding on June 7, 2003. Green was again taken to the hospital on June 7, 2003 and diagnosed with gastrointestinal hemorrhage following his hemorrhoidectomy, again received blood transfusions, and was discharged on July 17, 2003 (Doc. Item 23, pp. 4-19).

On April 4, 2003, Green was referred to the LSU General Surgery Clinic for evaluation of his hemorrhoids and rectal bleeding (Doc. Item 9, p. 180). At the clinic, on April 5, 2003, Green was diagnosed with rectal bleeding, constipation, and condyloma (perianal wart); the examining physician wrote instructions to have Green's rectal area observed daily to make sure there was not skin breakdown around the wart and referred Green to Endoscopy for evaluation of his rectal bleeding (Doc. Item 9, p. 182).

4

Green submitted an affidavit by inmate Charles Hayes, which shows that, on May 21, 2003, as Hayes exited the rear door of the kitchen, he saw Green struggling to push himself in his wheelchair, then saw defendant Evans smoking outside of the infirmary building (Doc. Item 9, Ex. A1, p.1). Hayes further states in his affidavit that Green's complexion was very pale and he told Hayes he was too weak to push himself, so Hayes pushed Green back to his housing unit; Green also told Hayes Evans had refused to call Dr. Eichmann (Doc. Item 9, Ex. A1, pp. 1-2). Hayes further states that Green bled profusely into the toilet at 7:45, LPN Cox took Green to the infirmary and called Dr. Eichmann, who ordered Green transported to the hospital (Doc. Item 9, Ex. A1, p.2). Hayes further states that Green made another medical emergency to the infirmary on June 3, 2003 for profuse bleeding and, on June 7, 2003, Hayes saw a large amount of blood on Green's bed sheets and Green seemed only half-conscious (Doc. Item 9, Ex. A1, p. 2). Hayes states he and other inmates lifted Green from his bed to his wheelchair and he took Green to the infirmary, but since there was not a nurse present at the time, Correctional Officer Steel told Green he had to wait in the lobby until a nurse arrived and Hayes had to return to his housing unit (Doc. Item 9, Ex. A1, p.1).

Green also submitted an affidavit from inmate Luy A. Brio Ban, who states he was an orderly in the WCC infirmary on June 7, 2003, and saw Green waiting in the infirmary lobby for an hour until the

nursing staff returned from pill call; Brio Ban states the security personnel never notified the nurses of Green's condition (Doc. Item 9, Ex. A1, p. 15). By the time the nurses returned, Green was sitting unconscious and bleeding in his wheelchair (Doc. Item 9, Ex. A1, p. 15).

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court recently defined "deliberate indifference" as "subjective recklessness", or, in other words, a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994). Deliberate indifference to medical need amounts to an Eighth Amendment violation only if those needs are "serious". A "serious" medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Hill v. DeKalb Regional Youth Detention Ctr., 40 F.3d 1176, 1186-87 (5th Cir. 1994).

A prison official is deliberately indifferent to serious medical needs of prisoners if he intentionally denies or delays access to medical care. Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Delay in medical care can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate of emergency medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute and Eighth Amendment violation. Hill, 40 F.3d at 1187-88.

The "seriousness" of an inmate's medical need also may be decided by reference to the effect of delay in treatment. An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay. Hill, 40 F.3d at 1187-89.

In this case, the movant, Evans, filed what purports to be a statement of undisputed facts, which simply sets forth conclusions of law that Green "has been provided appropriate medical treatment while incarcerated at the Winn Correctional Center," "was not provided inadequate medical care," and his

7

"constitutional rights have not been violated by Defendant, Willene Evans" (Doc. Item 46). Evans also attached one page of medical records, showing she documented Green's complaint of rectal bleeding on May 21, 2003 (Doc. Item 46), but does not address Green's allegations that she ignored the hospital doctor's order to make a daily rectal examination of Evans to check for bleeding after his first and second hemorrhoidectomies, and that Evans' bleeding was so severe he had to be hospitalized and receive blood transfusions in both May and June 2003.

Evans has not supported her motion for summary judgment with any affidavits, a statement of undisputed facts, or other evidence as required by law. Unsupported allegations are insufficient to either support of defeat a motion for summary judgment. <u>McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.</u>, 66 F.3d 89, 92 (5th Cir. 1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995), citing <u>Galindo v. Precision American Corp.</u>, 754 F.2d 1212, 1216 (5th Cir. 1985). Also, <u>Newkirk v. Keyes Offshore, Inc.</u>, 782 F.2d 499, 502 (5th Cir. 1986). Since Evans has not carried her initial burden of identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact, Evans is not entitled to a summary judgment in her favor at this time.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

Evan's motion for summary judgment be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of January, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE